**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 07-CR-20076-2

DEANDRE HARDIN,

    Defendant.
                                                    /

**ORDER DENYING DEFENDANT'S "MOTION TO VACATE OR MODIFY**
**WAIVER OF RIGHT TO APPEAL IN PARAGRAPH 6 OF**
**RULE 11 PLEA AGREEMENT AND BRIEF IN SUPPORT"**

Pending before the court is Defendant Deandre Hardin's motion to vacate or modify a portion of his Rule 11 Plea Agreement. Specifically, Defendant seeks to alter the waiver of his right to appeal. The matter is fully briefed and the court determines that a hearing is not necessary. *See* E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). The court will, for the following reasons, deny the motion.

The court accepted Defendant's plea at a hearing on November 27, 2007. The court found that Defendant was fully competent to proceed. (11/27/07 Tr. at 7.) The court verified that Defendant read and understood the Plea Agreement, and focused upon the rights Defendant was giving up by pleading guilty. (*Id.* at 7-11.) In particular, the court stressed that Defendant would forego the right to appeal his conviction. (*Id.* at 11.) The court also stated the following:

> You are also giving up the right to appeal; that is, to criticize or to quibble about the actual sentence that you eventually receive, as long as your sentence is generally as predicted in this Rule 11 agreement.

> Now, if it's higher than you anticipated *based on this agreement, perhaps* you will have the right to challenge or to criticize the actual sentence that you receive. Although your underlying conviction would not be challengable. But for most purposes you're giving up the right to criticize the final sentence that you received based upon this plea of guilty.

(*Id.* at 11-12 (emphasis added).) Defendant acknowledged that he understood the above statement. (*Id.* at 12.) Defendant later confirmed that he understood that the court is not bound to impose a sentence that falls within the recommendation of the properly calculated sentencing guidelines range. (*Id.* at 18.) Finally, Defendant's attorney averred that he agreed with the court's summary of the written agreement and that he was confident that Defendant understood the agreement before signing it. (*Id.* at 27.)

Defendant's instant motion challenges Paragraph 6 of the Agreement, which states that he retains the right to appeal his sentence if it exceeds "the maximum allowed by Part 3 of this agreement." (Def.'s Mot. at ¶ 2 (quoting Rule 11 Agreement).) Part 3 sets the maximum at the statutory maximum, which is life imprisonment. (*Id.*) Defendant argues that he cannot possibly receive more than a life sentence in this case and, as such, this portion of the Agreement should be invalidated because the consideration supporting it is illusory and that enforcement would be unconscionable under applicable principles of contract law. The government responds that full waivers of appellate rights are permitted and that Defendant knowingly and voluntarily entered into the Agreement.

The government's position more accurately reflects the law. The court agrees that principles of contract law generally apply to plea agreements. *See e.g. Smith v. Stegall*, 385 F.3d 993 (6th Cir. 2004); *United States v. Ready*, 82 F.3d 551 (2nd Cir.

1996). But application of those principles to this case does not call for invalidation of the waiver of appellate rights. Defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady v. United States,* 397 U.S. 742, 748 (1970). A guilty plea must include "an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *see also McAdoo v. Elo,* 365 F.3d 487, 494 (6th Cir. 2004). As the court recited above, the record in this case establishes that Defendant's plea was knowing and voluntary. The court is not persuaded that Defendant somehow failed to understand how his plea would curtail his appellate rights. The court's statement about potential challenge to the length of the sentence was couched in a "perhaps" and in an explicit reference to the terms of the Agreement, *i.e.* "based on this agreement." (11/27/07 Tr. at 11.) Under the circumstances, the court does not believe that it or Defendant was misled with respect to the scope of his waiver of appellate rights.

Further, the court is not persuaded that the Plea Agreement is illusory or that enforcement of it would otherwise be unconscionable. Defendant asserts an altogether too narrow view of the meaning of consideration. Viewed as a whole, it cannot be disputed that Defendant gained valuable consideration from the government in exchange for his own weighty waiver of, among other things, his right to a trial, cross-examination of witnesses and appeal. The impossibility of a sentence above life imprisonment speaks to the scope of the waiver of appellate rights, and not to the illusory nature of consideration. By pleading guilty, Defendant agreed to a package of concessions and gains, and he cites no authority requiring every provision of a contract to have a corresponding (or even an identifiable) bundle of consideration. The nullity of

3

an exception to a contractual provision does not necessarily mean that the exception should swallow the rule and selectively invalidate the relevant part of the contract. It may reflect, rather, the imperfect nature of plea agreement drafting and negotiation. Requiring perfection in such human affairs would invalidate all contracts, an outcome that this court will not advance, however slightly, by accepting Defendant's arguments. Accordingly,

    IT IS ORDERED that Defendant Deandre Hardin's "Motion to Vacate or Modify Waiver of Right to Appeal in Paragraph 6 of Rule 11 Plea Agreement" [Dkt. # 310] is DENIED.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: June 10, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 10, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522